1

1          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3    UNITED STATES OF AMERICA,      )  Docket No. 15 CR 149-2
                                    )
4                   Plaintiff,      )
                                    )
5            v.                     )  Chicago, Illinois
                                    )  December 9, 2015
6    JONAS M. EDMONDS,              )  11:00 o'clock a.m.
                                    )
7                   Defendant.      )

8        TRANSCRIPT OF PROCEEDINGS - CHANGE OF PLEA
            BEFORE THE HONORABLE JOHN Z. LEE
9
     APPEARANCES:
10
     For the Government:        HON. ZACHARY T. FARDON
11                              United States Attorney
                                BY:  MR. BARRY JONAS
12                                   MR. JOHN F. KNESS
                                Assistant United States Attorneys
13                              219 South Dearborn Street
                                Chicago, Illinois 60604
14
     For the Defendant:         LAW OFFICES OF JAMES A. GRAHAM
15                              BY:  MR. JAMES A. GRAHAM
                                53 West Jackson Boulevard
16                              Suite 703
                                Chicago, Illinois 60604
17

18

19

20
                    ALEXANDRA ROTH, CSR, RPR
21                    Official Court Reporter
                    219 South Dearborn Street
22                          Room 1224
                    Chicago, Illinois 60604
23                       (312) 408-5038

24

25

1      (Proceedings had in open court:)

2          THE CLERK:  15 CR 149-2, USA versus Jonas Edmonds, for

3 change of plea.

4          MR. JONAS:  Good morning, your Honor.  Barry Jonas and

5 John Kness for the United States.

6          MR. GRAHAM:  Good morning, Judge.  Jim Graham on

7 behalf of Jonas Edmonds, who's to my right.

8          THE COURT:  Good morning, counsel.

9          Good morning, Mr. Edmonds.

10         We are here for an arraignment as to the superceding

11 information and a plea hearing in this case.  I understand that

12 upon arraignment defendant wishes to change his plea and enter

13 a plea of guilty as to Counts 1 and 2 of the superseding

14 information.

15         Is that correct, Mr. Graham?

16         MR. GRAHAM:  Yes.

17         THE COURT:  Before we proceed, I am going to ask the

18 courtroom deputy to swear in Mr. Edmonds by affirmation.

19     (Defendant duly affirmed.)

20         THE COURT:  Mr. Edmonds, do you understand that you

21 are now under oath by affirmation.  And if you answer any of my

22 questions falsely, your answers may later be used against you

23 in another prosecution for perjury or making a false statement?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Now, Mr. Graham, you have been appointed

1    by the Court to represent Mr. Edmonds in this case, is that

2    correct?

3              MR. GRAHAM:  Yes, Judge.

4              THE COURT:  And you have been representing him since

5    the beginning of this case?

6              MR. GRAHAM:  Yes, Judge.

7              THE COURT:  Mr. Edmonds, I want to confirm with you

8    that Mr. Graham has been your attorney in connection with this

9    case, is that correct?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Mr. Edmonds, if at any point in time

12   during this hearing you wish to stop and speak privately with

13   your attorney, please let me know and I'll be happy to

14   accommodate you.  Okay?

15             THE DEFENDANT:  Okay.

16             THE COURT:  All right.  Before we continue, I do want

17   to inform you, Mr. Edmonds, that you have the right not to make

18   any statements today that might incriminate you.  However, if

19   during this hearing you wish to plead guilty, you will need to

20   answer my questions.  And in giving truthful answers to my

21   questions or making other statements during this hearing, you

22   will be giving up your right not to testify against yourself.

23   And some of your questions -- some of your statements will be

24   incriminating.

25             Do you understand that?

1       THE DEFENDANT:  No.

2       THE COURT:  Why don't you take a break, quick break,

3  and speak to Mr. Graham.

4       (Brief pause.)

5       THE DEFENDANT:  That's fine, that's fine.  Okay.

6       THE COURT:  Okay.  So after speaking with your

7  attorney, Mr. Graham, do you now understand?

8       THE DEFENDANT:  Yes.

9       THE COURT:  Do you still wish to proceed?

10       THE DEFENDANT:  Yes.

11       THE COURT:  One of the things that I have to determine

12  today is whether you are competent for the purpose of this

13  hearing; that is, whether you understand the nature and purpose

14  of today's proceedings.  And to do that I will ask you some

15  questions.

16       Please state your full name.

17       THE DEFENDANT:  Jonas Marcell Edmonds.

18       THE COURT:  Mr. Edmonds, are you a United States

19  citizen?

20       THE DEFENDANT:  Yes.

21       THE COURT:  How old are you, sir?

22       THE DEFENDANT:  Thirty.

23       THE COURT:  And how far did you get in school?

24       THE DEFENDANT:  High school.

25       THE COURT:  Did you graduate high school?

1          THE DEFENDANT:  No, GED.

2          THE COURT:  But you obtained a GED?

3          THE DEFENDANT:  Yes.

4          THE COURT:  What type of work, if any, have you been

5 doing over the past three or four years?

6          THE DEFENDANT:  Business owner.

7          THE COURT:  What sort of business?

8          THE DEFENDANT:  Web design, online marketing.

9          THE COURT:  And how long were you doing that?

10         THE DEFENDANT:  Two, two years out of three.

11         THE COURT:  And were you doing that on a regular basis

12 as your business?

13         THE DEFENDANT:  That's my job.

14         THE COURT:  I'm sorry?

15         THE DEFENDANT:  Yes, that's my job.

16         THE COURT:  Okay.  Are you currently under the care of

17 a doctor for any sort of illness?

18         THE DEFENDANT:  No.

19         THE COURT:  Are you currently under the influence of

20 any sort of prescription medication, drug or alcoholic beverage

21 of any kind?

22         THE DEFENDANT:  No.

23         THE COURT:  Do you understand, Mr. Edmonds, that the

24 purpose of today's hearing is to conduct an arraignment and to

25 allow you to change your plea of not guilty to guilty?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Mr. Graham, do you have any reason to

3     question Mr. Edmonds' competency for purpose of today's

4     hearing?

5          MR. GRAHAM:  I do not, Judge.

6          THE COURT:  Does the government have any reason to

7     question defendant's competency for the purpose of today's

8     hearing?

9          MR. JONAS:  We do not.

10          THE COURT:  Based upon Mr. Edmonds' responses to my

11    questions and his misdemeanor here today, the Court finds that

12    he is competent to offer a plea of guilty today and for the

13    purpose to today's hearing.

14          Now, have you received a copy of the superseding

15    information?

16          THE DEFENDANT:  Yes.

17          THE COURT:  You have the right to have the information

18    read out loud to you in court today.  Would you like me to read

19    the information, or do you wish to waive the right of the

20    reading of the information?

21          THE DEFENDANT:  Waive it.

22          THE COURT:  Furthermore, I want to inform you that you

23    have the right to have the charges in this superseding

24    information prosecuted by an indictment, returned by

25    concurrence of 12 or more members of a grand jury consisting of

1    not less than 16 and not more than 23 members.  However, under

2    the plea agreement and in this document that was provided to me

3    today by your counsel, you are waiving your right to be

4    prosecuted by indictment and to assert at trial or on appeal

5    any defects or errors arising from the information, information

6    process, or the fact that you are being prosecuted by way of

7    information and not indictment.

8           Do you understand you're doing this?

9           THE DEFENDANT:  Yes.

10          THE COURT:  And so the signature on the document

11   called, waiver of indictment, that's provided to you above the

12   name Jonas Edmonds, that is your signature?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Did you read this document before you

15   signed it?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Did you discuss it with your attorney,

18   Mr. Graham before you signed it?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Did anyone force you to sign the document

21   in any way?

22          THE DEFENDANT:  No.

23          THE COURT:  And did you sign the document knowingly

24   and based upon your own free will?

25          THE DEFENDANT:  Yes.

1    THE COURT:  Have you fully discussed the charges in

2  the information with your attorney?

3    THE DEFENDANT:  Yes.

4    THE COURT:  Have you had enough time to discuss the

5  case in general with your attorney?

6    THE DEFENDANT:  Yes.

7    THE COURT:  Are you satisfied with the representation

8  that you have been receiving from your attorney in this case?

9    THE DEFENDANT:  Yes.

10    THE COURT:  Do you have any questions about the case

11  that you wish to ask your attorney as you stand here today?

12    THE DEFENDANT:  No.

13    THE COURT:  In addition to finding that you are

14  competent and making sure that you have had the assistance of

15  an attorney for this case, I must also make a number of

16  additional findings before I can accept your plea of guilty.  I

17  have to determine that you understand that you'll be waiving

18  your rights to a trial by pleading guilty, that you understand

19  the nature of the charges against you and the potential

20  penalties for those charges.  I must also find that your plea

21  is a voluntary act on your part, and that there is a sufficient

22  independent factual basis for your plea.

23    Now, first of all, with regard to your trial rights, I

24  want to make sure that you understand your rights to a trial.

25  Do you understand, Mr. Edmonds, that you have the right to

1   plead not guilty to any offense that's charged against you and

2   to maintain that plea?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Do you understand that if this case were

5   to proceed to trial, at a trial you would be presumed to be

6   innocent, and the government would have to prove your guilt

7   beyond a reasonable doubt?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Do you understand that at the trial and at

10  every over stage of this proceeding, you have the right to have

11  the assistance of an attorney to represent you in this case?

12       THE DEFENDANT:  Yes.

13       THE COURT:  Do you understand that at a trial you have

14  the right to see and hear all witnesses and have them

15  cross-examined in your defense?

16       THE DEFENDANT:  Yes.

17       THE COURT:  Do you understand that at a trial you have

18  the absolute right to decline to testify unless you voluntarily

19  elected to do so in your own defense?

20       THE DEFENDANT:  Yes.

21       THE COURT:  Do you understand that if you decided not

22  to testify, I would instruct the jury not to draw any inference

23  or suggestion of guilt from your decision not to testify?

24       THE DEFENDANT:  Yes.

25       THE COURT:  Do you understand that at a trial you have

1   the right to compel the attendance of witnesses to testify on
2   your behalf?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Now, your trial could be either a jury
5   trial or a trial before a Judge without a jury.  But in order
6   for your trial to proceed before a Judge, both you and the
7   government would have to agree to that procedure.  Do you
8   understand that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Do you understand that if this were to
11  proceed to a jury trial, the jury would be composed of 12
12  individuals selected by a process that you and your attorney
13  could participate in?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Now, let me explain that in a bit more
16  detail.  At a trial, you and your lawyer would have the right
17  to exclude a certain number of individuals from serving on the
18  jury for two basic reasons.  First, you and your lawyer could
19  challenge someone for cause, meaning that that potential juror
20  was not able to be fair to you.  And second, you could exclude
21  a certain number of individuals by using what is called a
22  peremptory challenge, meaning you could exclude a certain
23  number for any reason whatsoever.

24         Do you understand those procedures?

25         THE DEFENDANT:  Yes.

1         THE COURT:  Do you understand that at a trial, once a

2  jury was selected and heard the evidence and the arguments,

3  that the jury in order to reach a verdict would have to reach a

4  verdict unanimously?

5         THE DEFENDANT:  Yes.

6         THE COURT:  Do you understand that if this case were

7  to proceed to trial, you would have the right to appeal from

8  any legal errors committed during the trial?

9         THE DEFENDANT:  Yes.

10         THE COURT:  Have you discussed these trial rights with

11  your attorney?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Do you understand that by entering a plea

14  of guilty today, and if that plea is accepted by me, there will

15  be no trial, and you will have waived or, in other words, given

16  up your right to a trial as well as those other attendant

17  rights that we just discussed?

18         THE DEFENDANT:  Yes.

19         THE COURT:  In other words, if you plead guilty and

20  your plea is accepted, I will be entering a finding of guilt

21  today without a trial.  Do you understand that?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Okay.  Furthermore, as part of your plea

24  agreement, you are waiving your right to appeal any issues that

25  might have been available to you if you had exercised your

1  right to a trial.  Do you understand that?

2         THE DEFENDANT:  Yes.

3         THE COURT:  Do you also understand that as part of

4  your plea agreement you will have waived or given up your right

5  to appeal your conviction, any pretrial rulings by the Court,

6  and any part of the sentence or the manner in which it was

7  determined, including any term of imprisonment and fine so long

8  as they are with the maximums provided by law?

9         THE DEFENDANT:  Yes.

10        THE COURT:  Furthermore, do you understand that you

11  are agreeing to waive your right to challenge your conviction

12  and sentence and the manner in which it is determined in any

13  collateral attack or future challenge, including but not

14  limited to a motion brought under 28 U.S.C. Section 2255?

15        THE DEFENDANT:  Yes.

16        THE COURT:  I do want to inform you, Mr. Edmonds, that

17  your waiver does not apply to a claim of involuntariness or

18  ineffective assistance of counsel which related directly to the

19  waiver or its negotiation.  Nor are you prohibited from seeking

20  a reduction in sentence based directly on a change in the law

21  that is applicable to you and that prior to the filing of any

22  request for relief has been expressly made retroactive by an

23  act of Congress, the Supreme Court or the United States

24  Sentencing Commission.

25        Other than those limited issues, by pleading guilty

1    you are waiving all rights to appeal in connection with this

2    matter as I just discussed.  Do you understand this?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Now, I understand that the defendant has

5    entered into a plea agreement.  Is that correct, Mr. Graham?

6           MR. GRAHAM:  Yes, Judge.

7           THE COURT:  Mr. Edmonds, I am looking at a plea

8    agreement in the case United States v. Jonas Edmonds.  It's a

9    22-page document.  And on the final page there are a number of

10   signature lines, including a signature line and a signature

11   above the name, Jonas M. Edmonds.

12          Is that your signature, sir?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And under it is a signature of James A.

15   Graham.  Is that the signature of your attorney?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Have you reviewed the document, or did you

18   review the document before you signed it?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Did you discuss the contents of the

21   document with your attorney before you signed it?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Is there anything in this document that

24   you do not understand as you stand here today?

25          THE DEFENDANT:  No.

1    THE COURT:  Did anyone threaten you or pressure you in
2    any way to sign this document?

3    THE DEFENDANT:  No.

4    THE COURT:  Other than what is stated in this
5    document, did anyone offer any additional promises or
6    guarantees to you to induce you to sign the document?

7    THE DEFENDANT:  No.

8    THE COURT:  Did you sign this plea agreement
9    voluntarily and completely based upon your own free will?

10   THE DEFENDANT:  Yes.

11   THE COURT:  Under this agreement, you're pleading
12   guilty as to Counts 1 and 2 of the superseding information.
13   Mr. Edmonds, do you understand you are doing this?

14   THE DEFENDANT:  Yes.

15   THE COURT:  Now, I want to make sure you understand
16   the potential consequences of your guilty plea and the maximum
17   penalties that relate to the two counts in the superseding
18   information.

19   Will the government please inform Mr. Edmonds of the
20   maximum penalties in this case?

21   MR. JONAS:  Yes, Judge.  With regard to Count 1, which
22   is conspiring to provide material support to a foreign
23   terrorist organization, the maximum penalty is 15 years
24   imprisonment, a fine of $150,000, and a term of supervised
25   release up to life.  With respect to Count 2, which is making a

1  materially false statement regarding terrorism matter, the

2  maximum sentence is eight years imprisonment, maximum fine of

3  $250,000, and supervised release of not more than three years.

4  There is also a special assessment of hundred dollars for each

5  count.

6        THE COURT:  All right.  Mr. Edmonds, let me review

7  those with you.  So with regard to Count 1 and Count 2 of the

8  superseding information, and those are the counts to which you

9  will be pleading guilty today, do you understand that Count 1

10  carries a statutory mandatory sentence of 15 years of

11  imprisonment, a maximum term of supervised release of any term

12  of years up to life, and a maximum fine of $250,000?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Do you understand that Count 2 carries a

15  statutory maximum sentence of eight years imprisonment, a

16  maximum term of supervised release of three years, and a

17  maximum fine of $250,000?

18        THE DEFENDANT:  Yes.

19        THE COURT:  And I may have misspoken.  I just want to

20  make sure I clarify.  With regard to Count 1, it carries a

21  statutory maximum sentence of 15 years of imprisonment, a

22  maximum term of supervised release of any term of years

23  including life, and a maximum fine of $250,000.  Do you

24  understand that?

25        THE DEFENDANT:  Yes.

1        THE COURT:  Additionally, as a result of your plea of

2    guilty an assessment of $100 must be imposed for each count,

3    and that amount is due at the time of sentencing.  Do you

4    understand that?

5        THE DEFENDANT:  Yes.

6        THE COURT:  Accordingly, with regard to both counts,

7    the total maximum term of imprisonment is 23 years.  The

8    maximum fine is $500,000, and a period of supervised release of

9    a number of years, and a special assessment totaling $200.  Do

10   you understand that?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Furthermore, if the Court accepts your

13   plea of guilty, you will be adjudged guilty of a felony.  And

14   such adjudication of guilt may deprive you of valuable civil

15   rights, such as the right to vote, the right to hold public

16   office, the right to serve on a jury, and the right to possess

17   a firearm.

18       Do you understand that?

19       THE DEFENDANT:  Yes.

20       THE COURT:  Finally, do you understand that the

21   indictment -- or the information rather and the plea agreement

22   will be a matter of public record and will be available to the

23   public at large?  Do you understand that?

24       THE DEFENDANT:  Yes.

25       THE COURT:  Let me talk to you about sentencing.  If

1    you plead guilty and your plea is accepted, the sentence will

2    be determined by me after consideration of the advisory

3    sentencing guidelines and other statutory sentencing factors,

4    except for the provisions set forth in the plea agreement that

5    I will go over with you.

6            Have you and your attorney, Mr. Graham, talked about

7    how the advisory sentencing guidelines might apply to your

8    case?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Do you understand that the provisions in

11   the plea agreement discussing the advisory sentencing

12   guidelines are preliminary in nature only, and they are not

13   binding upon the Court?  Do you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Do you understand that I will not be able

16   to determine the advisory guideline range for your case or what

17   the appropriate sentence should be until after a presentence

18   report has been completed?  Do you understand that?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Now, I want to inform you that you and the

21   government, you with your attorney and the government, will

22   have an opportunity to challenge the reported facts and

23   application of the guidelines recommended by the probation

24   officer in that presentence investigation report.  Furthermore,

25   per the plea agreement, your plea is governed by Federal Rule

1    of Criminal Procedure 11(c)(1)(C).  And you and the government

2    have agreed that the sentence imposed by this Court shall

3    include a term of imprisonment of 252 months.  Do you

4    understand that?

5                THE DEFENDANT:  Yes.

6                THE COURT:  Now, this means two things:  First, if I

7    accept the recommendation and impose the agreed-upon term of

8    incarceration of 252 months of custody, you will not be able to

9    withdraw the plea as of right.  Do you understand that?

10               THE DEFENDANT:  Yes.

11               THE COURT:  So long as I agree to impose the 252

12   months of incarceration as appropriate, I may impose any other

13   sentencing terms, including a period of supervised release and

14   fine, so long as they are within the statutory maximums.  And

15   you will not be able to withdraw your plea.

16               Do you understand that?

17               THE DEFENDANT:  Yes.

18               THE COURT:  On the other hand, if I reject the

19   parties' recommendation of 252 months of incarceration, then

20   you will be allowed to withdraw your plea, and/or the

21   government can withdraw its agreement.

22               Do you understand that?

23               THE DEFENDANT:  Yes.

24               THE COURT:  Very well.  I will now proceed to

25   determine whether there is an independent factual basis for the

1   plea.  Now, Mr. Edmonds, I am going to ask the attorney for the

2   government to summarize the factual evidence that the

3   government would present at trial if this case were to proceed

4   to trial.  I want you to listen very carefully to what the

5   government has to say.  And afterwards I will ask you whether

6   you agree that those factual statements made by the government

7   are true.

8         Do you understand?

9         THE DEFENDANT:  Yes.

10        THE COURT:  Please proceed.

11        MR. JONAS:  Thank you, your Honor.

12        With regard to Count 1, had this case proceeded to

13   trial, the government would have proven beyond a reasonable

14   doubt that beginning no later than in or about December 2014,

15   and continuing to at least on or about March 25, 2015, at

16   Aurora in the Northern District of Illinois and elsewhere,

17   defendant and co-defendant Hasan Edmonds knowingly conspired

18   with each other to provide material support and resources,

19   namely personnel, to a foreign terrorist organization, namely

20   the Islamic State of Iraq and Levant, commonly known as ISIL,

21   ISIS or the Islamic State, knowing that it was a designated

22   foreign terrorist organization, and that the organization had

23   engaged and was engaging in terrorist activity and terrorism.

24        THE COURT:  Let me interrupt you for one second,

25   counsel.

1    (Brief pause.)

2         THE COURT:  Go ahead and proceed.

3         MR. JONAS:  More specifically, beginning on about

4    January 19, 2015, and continuing thereafter, Hasan Edmonds, a

5    member of the Army National Guard of Illinois, assigned to a

6    National Guard unit in the Northern District of Illinois,

7    engaged in online communications with UC 1, a person whom Hasan

8    Edmonds believed was an ISIL fighter in Libya, who is in fact

9    an FBI employee.

10        In those communications Hasan Edmonds expressed his

11   support for ISIL and his desire to travel to the Middle East

12   with his cousin, the defendant, to fight for ISIL.  Hasan

13   Edmonds also gave UC 1 advice on how to fight and defeat the

14   U.S. military and stated that he and defendant were willing to

15   conduct an attack in the United States in order to do so.

16        On February 6, 2015, defendant contacted UC 1 online

17   and said that he was planning to travel with his family to

18   Mosul, an area of Iraq controlled by ISIL.  Defendant also told

19   UC 1 that if he was unable to travel, he intended to commit an

20   attack within the United States in support of ISIL.

21        Over the next month, defendant asked UC 1 for guidance

22   and assistance on Hasan Edmonds' desire to travel the Middle

23   East to fight for ISIL.

24        On February 19, 2015, a confidential law enforcement

25   source introduced the defendant to UC 2.  Defendant believed UC

1  2 to be an individual who could assist defendant and Hasan

2  Edmonds with their intention of traveling from the United

3  States to support ISIL.  But UC 2 was in fact an undercover FBI

4  employee.

5         On March 3, 2015, defendant and UC 2 met in person.

6  During the meeting, defendant informed UC 2 that he was meeting

7  on behalf of himself and Hasan Edmonds, that he was looking to

8  assist Hasan Edmonds' travel to the Middle East.  The two

9  discussed the best and safest route for Hasan Edmonds to take.

10        Following the March 3, 2015 meeting, defendant and

11 UC 2 engaged in a series of online communications concerning

12 Hasan Edmonds' travel.  The defendant, in an attempt to

13 facilitate Hasan Edmonds' travel to fight for ISIL, asked UC 2

14 for a point of contact to assist Hasan Edmonds when he arrived

15 in the Middle East.

16        On March 11, 2015, Hasan Edmonds told UC 1 he had

17 purchased a plane ticket to Cairo, Egypt, in order to fight for

18 ISIL.  On March 23, 2015, UC 2 met with the defendant and Hasan

19 Edmonds in Aurora, Illinois.  During this meeting Hasan Edmonds

20 informed UC 2 that he'd been watching videos from, quote,

21 brothers in the state, unquote, referring to members of ISIL.

22 And he did not want peace but instead wanted fighting.

23 Defendant expressed his support and excitement for Hasan

24 Edmonds' travel and said that he believed that one who

25 supported Mujahid, a fighter, was a Mujahid.

1    During the March 23, 2015 meeting, defendant informed

2  UC 2 that after Hasan Edmonds' travel, he was planning to

3  attack the Army National Guard installation to which Hasan

4  Edmonds was assigned.  Defendant advised that he wanted to

5  conduct the attack along with UC 2, and that he anticipated a

6  body count of a hundred to 150 individuals.

7    Hasan Edmonds offered to provide defendant and UC 2

8  with a list of the rankings of officers for defendant to kill.

9  Hasan Edmonds also confirmed that he'd provide defendant with

10 Hasan Edmonds' military uniforms for defendant to wear during

11 the attack on the National Guard base.

12    On March 24, 2015, defendant and Hasan Edmonds, along

13 with UC 2, drove to Hasan Edmonds' National Guard base in

14 Joliet, Illinois, for the purpose of conducting surveillance

15 and planning for the attack.  During the drive, defendant Hasan

16 Edmonds discussed with UC 2 the purchasing of weapons and how

17 to conduct an attack.

18    Upon arrival, the three also discussed among other

19 things where the National Guard members conducted their

20 training.  Hasan Edmonds described the inside of the

21 installation and which rooms they should avoid during the

22 attack.

23    In furtherance of the plan to commit the attack and to

24 determine the timing of the attack, Hasan Edmonds entered the

25 National Guard installation and received the unit training

schedule, which he then gave to defendant for the purpose of deciding upon a date to conduct their planned attack.

On March 25, 2015, defendant drove Hasan Edmonds to Chicago Midway Airport so that Hasan Edmonds could travel to the Middle East to fight for ISIL. After he dropped of Hasan Edmonds at Midway, defendant went to Hasan Edmonds' residence and retrieved several of Hasan Edmonds' National Guard uniforms, which defendant planned to use as a disguise during the planned attack on the National Guard base. At the time defendant engaged in the conduct set forth, he knew that ISIL was a designated foreign terrorist organization, that the organization had engaged in terrorist activity in Syria and Iraq.

With respect to Count 2 of the superseding information, the government would prove beyond a reasonable doubt that on or about March 25, 2015, in the Northern District of Illinois, Eastern Division, defendant did knowingly and wilfully make materially false, fictitious and fraudulent statements and representations involving international terrorism in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the government of the United States, when defendant stated to agents of the FBI in sum and substance that the purpose of Hasan Edmonds' traveling to Egypt was to visit a friend and to see whether he liked Egypt, when defendant knew these

1   statements were false, and that he knew that Hasan Edmonds

2   traveled to Egypt for the purpose of fighting for foreign

3   terrorist organization, namely the Islamic State of Iraq and

4   Levant.

5           More specifically, on March 25, 2015, defendant was

6   interviewed by FBI agents at the FBI field office in Chicago.

7   Agents asked defendant whether he had ever helped anyone travel

8   overseas to support ISIL.  Defendant responded that he had

9   dropped Hasan Edmonds off at the airport to travel to Egypt

10  because, quote, he's going to visit a friend or wherever he's

11  going.  I don't know.  Somebody, he's trying to move there.

12  Close quote.

13          Defendant continued by stating that Hasan Edmonds was

14  traveling to Egypt to see if he likes it.  And, quote, then

15  he's coming back, close quote.

16          Defendant knew that these statements to the FBI agent

17  were false, and that when he dropped Hasan Edmonds off at

18  Midway Airport on March 25, 2015, he was aware that Hasan

19  Edmonds was traveling to Egypt for the purpose of fighting for

20  ISIL, that Hasan Edmonds was not going for the purpose of

21  meeting a friend or seeing if he liked Egypt.

22          THE COURT:  Mr. Edmonds, having heard the factual

23  evidence that the government intends to present at trial if

24  this case were to proceed to trial, do you agree that those

25  factual statements as made by the government are true?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Is it the government's position that Mr.

3    Edmonds' admissions are sufficient to support a plea of guilty

4    as to Counts 1 and 2 of the superseding information?

5          MR. JONAS:  Yes, your Honor.

6          THE COURT:  I will now proceed to take Mr. Edmonds'

7    plea.  Mr. Edmonds, how do you now plead as to Count 1 of the

8    superseding information?

9          THE DEFENDANT:  Guilty.

10         THE COURT:  How do you now plead as to Count 2 of the

11   superseding information?

12         THE DEFENDANT:  Guilty.

13         THE COURT:  Very well.  It is the finding of the Court

14   that Mr. Edmonds is fully competent and capable of entering an

15   informed plea, that Mr. Edmonds is aware of the nature of the

16   charges and the consequences of his plea, and that the plea of

17   guilty is a knowing and voluntary plea supported by independent

18   basis in fact containing each of the essential elements of the

19   offense.

20         Having made these findings today, in light of the

21   provisions in the plea agreement related to the agreed-upon

22   term of incarceration under Rule 11(c)(1), the Court will

23   provisionally accept the plea today.  Once I review the

24   presentence investigation report and the sentencing submissions

25   by the parties and consent to the sentencing factors under

1  18 U.S.C. Section 3553(a) and the advisory sentencing guideline

2  range, I will make a determination as to whether I will impose

3  a period of incarceration of 252 months, thereby agreeing to

4  the parties' recommendations.

5          If I agree that the period of incarceration is

6  appropriate, the Court will accept the plea at the sentencing

7  hearing and proceed to determine the remaining terms of the

8  sentence at that time.

9          At this point I will order a presentence investigation

10 report to be performed to assist the Court in sentencing.  Mr.

11 Edmonds, you will be asked to give information for that report,

12 and your attorney may be present with you during that time if

13 you wish.  You must be truthful and cooperate completely with

14 the probation office in connection with the preparation of the

15 presentence investigation report.

16         Do you understand this?

17         THE DEFENDANT:  Yes.

18         MR. GRAHAM:  Judge, due to the fact that this is a

19 11(c)(1)(C), we'd ask if there is a possibility that we could

20 have an expedited sentencing date, little sooner than usually.

21         THE COURT:  What time frame are you proposing?

22         MR. GRAHAM:  Maybe something like six weeks, Judge.

23         MR. JONAS:  Your Honor, I don't have an issue with

24 that except given that the holidays are coming up, I don't know

25 if probation is going to be available in the next several weeks

1  to get a presentence report started at least.

2        THE COURT:  I will go ahead and order that the

3  presentence investigation report be performed as expeditiously

4  as possible by the probation office.  However, I think that

5  six-week period is going to be overly optimistic to provide,

6  Mr. Graham, you and your client opportunity to review it fully

7  before the sentencing hearing.

8        So at this point in time, let's go ahead and set a

9  sentencing date at the end of January.  Carmen, how about

10 January 27?

11       THE CLERK:  January 27 at 2:00 p.m.

12       MR. GRAHAM:  That's fine with me, Judge.

13       MR. JONAS:  That's fine with the government, Judge.

14       MR. GRAHAM:  Judge, I just like to say for the record

15 that even though it is an 11(c)(1)(C) plea agreement, it does

16 not include any cooperation, and that my client is not

17 cooperating with the government on this or any other

18 investigation.

19       MR. JONAS:  That is correct.

20       THE COURT:  Very well.  So as far as the sentencing

21 submissions go, assuming that the presentence investigation

22 report is able to be completed in the next three or four weeks,

23 let's go ahead and set some preliminary dates for the

24 sentencing submissions.

25       So, Mr. Graham, I would like the defendant to submit

1    his sentencing submission by January 13, the government by

2    January 20.  And again, if those dates need to be changed based

3    upon when the presentence investigation report will be

4    completed, you can raise that with me at the appropriate time.

5            MR. GRAHAM:  Surely, Judge.

6            THE COURT:  Is there anything else we need to address

7    today?

8            MR. GRAHAM:  No, Judge.

9            MR. JONAS:  No, Judge.

10           THE COURT:  Very well.  Thank you.

11           MR. JONAS:  Thank you.

12           MR. GRAHAM:  Thanks a lot, Judge.

13       (Which were all the proceedings heard in this case.)

14                        CERTIFICATE

15           I HEREBY CERTIFY that the foregoing is a true, correct

16   and complete transcript of the proceedings had at the hearing

17   of the aforementioned cause on the day and date hereof.

18

19    /s/Alexandra Roth                        11/8/2017

20    ─────────────────────────        ─────────────────
      Official Court Reporter                   Date
      U.S. District Court
21    Northern District of Illinois
      Eastern Division
22

23

24

25